UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY**<br>231 St. Asaph's Road, Suite 100<br>Bala Cynwyd, PA 19004-0950,<br>         Plaintiff<br>v.<br><br>**HISCOX SYNDICATE 3624**, individually and doing business as Hiscox Pro, as Hiscox, Inc. and/or as Hiscox Claims<br>c/o Hiscox Claims<br>5 Concourse Parkway, Suite 2150<br>Atlanta, GA 30328<br>         and<br>**SUN VALLEY INSURANCE, INC.**<br>780 North Main Street<br>Ketchum, ID 83340,<br>         Defendants | Case Number:   25-cv-06744<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Philadelphia Indemnity Insurance Company, by and through counsel, hereby allege and demand as follows.

### The Parties

1. Plaintiff, Philadelphia Indemnity Insurance Company ("PIIC"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 231 St. Asaph's Road, Suite 100, Bala Cynwyd, PA 19004-0950.

2. At all times relevant hereto, PIIC provided general liability insurance to IEG Zenergy, LLC, individually and doing business as Zenergy Sports Rehabilitation Clinic ("Zenergy"), in connection with its health and wellness business, under a policy of insurance that was in full force and effect at all relevant times.

3. Defendant, Hiscox Syndicate 3624 ("Hiscox"), is a United Kingdom-based insurance underwriter with interests in the policy at issue, i.e. the one designated as Certificate MEO1714927.23, and is wholly owned by Hiscox Dedicated Corporate Member, Ltd., a foreign corporation registered and domiciled in the United Kingdom. Hiscox, does business in its own name, as well as Hiscox Pro, Hiscox, Inc., and Hiscox Claims, and is a commercial entity engaged in the business of insurance, and believed to be authorized to provide insurance in Idaho, with communications as to such policy authorized to be undertaken through Hiscox Claim at 5 Concourse Parkway, Suite 2150 in Atlanta, Georgia.

4. Hiscox, as noted above, at all times relevant hereto provided professional and general liability insurance under the above policy (Certificate MEO1714927.23) for Zenergy in connection with its physical therapy business located in Ketchum, Idaho.

5. Defendant, Sun Valley Insurance, Inc. ("Sun Valley"), is a corporation organized and existing under the laws of the State of Idaho with its principal business address located at 780 North Main Street in Ketchum, Idaho.

6. At all time relevant hereto, Sun Valley was an insurance broker providing insurance and policy services to its customers, which included Plaintiff's insured, Zenergy.

**Jurisdiction and Venue**

7. Jurisdiction is proper under 28 U.S.C. §1332, as this concerns citizens of different states (specifically, PIIC is a Pennsylvania corporation and Defendants are residents of foreign states), and the amount in controversy exceeds $75,000.00.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, namely,

Bala Cynwyd, Pennsylvania, where Plaintiff made payments under its insurance policy that should not otherwise have been owed.

## Statement of Facts

9. At all times relevant hereto, Plaintiff PIIC provided commercial liability insurance coverage to Zenergy.

10. On or about July 29, 2020, while Mr. Scott Woodworth was receiving physical therapy at Zenergy, he suffered a patellar fracture, and thereafter brought a civil suit against Zenergy and its physical therapist employee for damages incurred due to this personal injury.

11. In light of the claim of Mr. Woodworth, Zenergy, upon the direction of its insurance broker - Defendant Sun Valley, submitted a claim to its commercial general liability insurance carrier, PIIC, and PIIC agreed to defend and indemnify Zenergy with regard to this claim.

12. In or about October of 2024, a few weeks before the trial of Mr. Woodworth's civil suit, Defendant, Sun Valley first notified PIIC and its insured Zenergy that there was specific liability coverage for the physical therapy services through the separate Hiscox policy.

13. In light of the claim of Mr. Woodworth, Zenergy submitted a claim to its insurance carrier, Hiscox.

14. Hiscox refused to provide coverage to Zenergy, claiming that due to the late notice from Sun Valley and the insured it no longer owed coverage – despite any demonstrative prejudice or detriment.

15. In accordance with its respective liability insurance coverage provided to Zenergy, PIIC made payment on behalf of its insured to Mr. Woodworth in the amount of

$300,000.00, despite efforts made beforehand to have such monies paid by Hiscox as the proper liability carrier.

16. By virtue of said payment, Plaintiff PIIC is subrogated to the rights of its insured Zenergy to seek recovery from any third-party responsible for causing the resultant damages, and/or otherwise legally liable for such damages.

## COUNT I – CONTRACTUAL INDEMNITY
### (Plaintiff v. Hiscox)

17. The allegations contained in the preceding paragraphs are incorporated as if fully set forth here.

18. Pursuant to a policy of professional liability insurance issued by Hiscox to Zenergy, Hiscox was contractually obligated to defend and indemnify Zenergy from claims made against them for actions resulting from the performance of physical therapy services.

19. The action filed by Mr. Woodworth was a claim asserted against Zenergy involving a personal injury sustained while at the Zenergy facility and during receipt of of physical therapy services with Zenergy's employee, also sued in the action.

20. Under these circumstances, Hiscox should have provided defense and indemnity to Zenergy and its employee against the claims of Mr. Woodworth.

21. Instead, despite being notified of its indemnification obligation, Hiscox did not indemnify Zenergy for the claim asserted by Mr. Woodworth and in no way contributed to the settlement of Mr. Woodworth's claims against Zenergy.

22. Hiscox's past and present failure to indemnify Zenergy breached the terms of the policy of insurance.

23. As a result of Hiscox's breach, PIIC was forced to pay Mr. Woodworth $300,000.00 in resolution of Mr. Woodworth's claims against Zenergy and its employee, and was then subrogated to Zenergy's claim.

24. Plaintiff and Plaintiff's insured has/had/have performed all conditions precedent to recover based upon such breach(es).

**WHEREFORE,** Plaintiff respectfully request judgment against Defendant, Hiscox, individually, jointly and severally, in the amount of $300,000.00 plus underlying defense costs and expenses incurred, plus attorney fees, interest, delay damages, and for such other costs and relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – EQUITABLE CONTRIBUTION
### (Plaintiff v. Hiscox)

25. The allegations contained in the preceding paragraphs are incorporated as if fully set forth here.

26. Under its policy of insurance Hiscox was compelled to defend and indemnify the claims asserted against Zenergy and its employee by Mr. Woodworth.

27. Such insurance coverage obligation was to be "primary" if not the sole insurance coverage provided to defend and indemnify for such claims.

28. Hiscox failed to provide such coverage and instead such obligations fell instead on PIIC and its insured.

29. As a result of such circumstances, PIIC was compelled to defend its insured at great expense and then to indemnify its insured and its employee to resolve the claims by Mr. Woodworth.

30.    Therefore, PIIC is able to assert an equitable contribution claim over against Hiscox for its failure to provide such coverages that it was required to do.

**WHEREFORE,** Plaintiff respectfully request judgment against Defendant, Hiscox, individually, jointly and severally, in the amount of $300,000.00 plus underlying defense costs and expenses incurred, plus attorney fees, interest, delay damages, and for such other costs and relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT III – NEGLIGENCE
### (Plaintiff v. Sun Valley)

31.    The allegations contained in the preceding paragraphs are incorporated as if fully set forth here.

32.    Defendant Sun Valley had a duty to perform in a reasonable and prudent manner with regard to the policies it helped acquire and administer for its customers, including Zenergy, as well as with the handling of the claims brought to its attention, including but not limited to, the proper policies that could or would provide coverage.

33.    Defendant knew, or should have known, at the time they were notified by Zenergy of the aforementioned claim, that the Hiscox policy was in existence, was applicable to the claims being brought, as well as, that it would have provided primary coverage for this incident based upon the nature of the claims.

34.    Defendant breached such duty by, among other things, failing to act in a reasonable manner with regard to placing Hiscox on proper notice of claim, which would have prompted Hiscox's immediate duty to defend and indemnify Zenergy against Mr. Woodworth's claims.

35. As a direct and proximate cause of Defendant Sun Valley's actions and omissions, Plaintiff was forced to provide the defense and indemnity for Zenergy, and therefore bore the responsibilities that should have been Hiscox's.

36. As a result, PIIC and Zenergy were forced to defend the claims brought by Mr. Woodworth and then spend $300,000.00 in resolution of his claims against Zenergy, and Plaintiff is now subrogated to Zenergy's claim.

**WHEREFORE,** Plaintiff respectfully request judgment against Defendant, Sun Valley, individually, jointly and severally, in the amount of $300,000.00 plus underlying defense costs and expenses incurred, plus attorney fees, interest, delay damages, and for such other costs and relief as this Honorable Court shall deem appropriate under the circumstances.

**de LUCA LEVINE, LLC**

Dated: December 1, 2025   BY: _____
Kenneth Levine, Esquire (PA ID. 60984)
301 E. Germantown Pike, Suite 300
E. Norriton, PA 19401
Tel.: (215) 588-5085
KLevine@deLucaLevine.com